# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON JANUARY 1999 SESSION

--------------------------------------------------------------

**FILED**

**February 4, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

LARRY AUBREY HENSON,   )
             ) Shelby Juvenile No. H331
 Respondent/Appellant    )
             ) Appeal No. 02A01-9805-JV-00135
v.            )
             )
ELIZABETH ELLEN SORRELL,  )
             )
 Petitioner/Appellee     )

## APPEAL FROM THE JUVENILE COURT OF SHELBY COUNTY
## AT MEMPHIS, TENNESSEE
## THE HONORABLE HAROLD HORNE, JUDGE

**For the Appellant:**
Larry Henson, Pro Se
5973 Poplar Pike Ext. #8
Memphis, TN 38119

**For the Appellee:**
No appearance.

**AFFIRMED**

**WILLIAM H. INMAN, SENIOR JUDGE**

**CONCUR:**

**W. FRANK CRAWFORD, JUDGE**

**DAVID R. FARMER, JUDGE**

## **OPINION**

The child of these parties, who were never married to each other, was born March 11, 1996. The paternity issue was determined in June, 1996 by the Juvenile Court, which also directed the payment of child support. The appellant questioned his liability for support because the child was conceived without his consent. He did not prevail.

The matter then progressed to the Circuit Court where the appellant filed an action for damages against his paramour, alleging promissory fraud, fraudulent concealment, breach of contract, conversion and intentional infliction of emotional distress arising from her failure to inform the appellant that she was no longer practicing birth control. A merit trial resulted in a judgment against the appellant. That case was also appealed and the judgment was affirmed.

All of which brings us to the instant case, wherein the Juvenile Court heard the petition of Sorrell for an increase in child support and for termination of visitation, and the petition of the appellant for an award of custody, or increased visitation privileges. The Court increased the support from $300.00 monthly, which had previously been agreed upon, to $552.30 [21%] per month, in accordance with the Guidelines, and modified the existing visitation schedule.

Our review of the findings of fact made by the trial Court is *de novo* upon the record of the trial Court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. TENN. R. APP. P., RULE 13(d); *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26 (Tenn. 1996).

Although the appellant presents for review a number of issues, the thrust of his argument is directed to the asserted inapplicability of the Guidelines

because of the failure of the appellee to prove a change in her circumstances which would justify the increase. He also argues, in effect, that he was given short shrift in the trial Court because he was not allowed to present proof.

As to the latter argument, the record reveals that the appellant is mistaken. The Court pointedly asked the appellant "are you putting on any proof at this time?" to which he replied, "No, your Honor. I said those things[1] and I stand by them. I believe that 21% is nothing but disguised state slavery, but aside from that we have an agreement and she needs to stick by it. Just to come in here and say, I changed my mind is not a valid reason."

The Guidelines are examined closely in *Jones v. Jones,* 930 S.W.2d 541 (Tenn. 1996), which held that "there can also be no doubt that the General Assembly intended that these guidelines control the amount awarded as child support." The Guidelines are rebuttable, T.C.A. § 36-5-101(e)(1), but if deviated from the Court is required to make written findings that they would be unjust or inappropriate in "order to provide for the best interest of the child(ren) or the equity between the parties."

The appellant argues that no change in circumstances was shown since the entry of the agreed judgment. He also argues that the Court erred in holding that the appellee was not required to prove a change in circumstances as a condition precedent to modification of the award. The thrust of his argument is simply that he and the appellee agreed upon $300.00 per month child support, and there the matter ends unless the appellee can show changed circumstances which justify an increase. The difficulty with this argument is to be found in the fact that the initial judgment, entered by consent, provided that the "child support payments shall be worked out between the parties by agreement." The

---

[1] The appellee testified that the appellant stated he would leave, etc.

3

parties thereafter negotiated, and agreed upon $300.00, without further involvement by the Court. Somewhat strangely, the parties, and the trial Court as well, apparently assumed that the support payment of $300.00 monthly had been ordered by the Court and thus was subject to modification.

Since the amount of support had never been adjudicated, nor had the agreement of the parties as to child support been judicially approved, it necessarily follows that the trial Court properly fixed the amount in accordance with the Guidelines. There was no evidence formally presented that a deviation was appropriate, and we find nothing in the record to justify a deviation. The argument that the Guidelines are "disguised state slavery" is not a sufficient ground to rebut the presumption of their applicability.

With respect to the visitation schedule, we have examined the record carefully and cannot find that the evidence preponderates against the judgment. The remaining issues have been considered, none of which affect the judgment, which is affirmed at the costs of the appellant.

_____
William H. Inman, Senior Judge

CONCUR:


_____
W. Frank Crawford, Judge


_____
David R. Farmer, Judge